# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>KATINA McKENZIE-JACKSON,<br><br>Defendant. | Case No. CR11-2046<br><br>ORDER FOR PRETRIAL DETENTION |

On the 23rd day of January, 2012, this matter came on for hearing on the Defendant's request to have a detention hearing.[1] The Government was represented by Assistant United States Attorney Patrick J. Reinert. The Defendant appeared personally and was represented by her attorney, F. David Eastman.

## I. RELEVANT FACTS AND PROCEEDINGS

On December 8, 2011, Defendant Katina McKenzie-Jackson was charged by Indictment (docket number 7) with one count of conspiracy to distribute heroin (Count 1) and two counts of distribution of heroin (Counts 2 and 4). At the arraignment on January 4, 2012, Defendant entered a plea of not guilty and trial was scheduled before Chief Judge Linda R. Reade on March 5, 2012. Due to multiple defendants and the complexity of the case, however, trial was continued to August 20, 2012.

At the hearing, Cedar Rapids Police Officer Bryan Furman, who is currently assigned to the DEA Task Force, testified regarding the circumstances underlying the instant charge. Defendant is named in a conspiracy to distribute heroin in Waterloo, Iowa. As part of the investigation of the drug conspiracy, law enforcement placed a wiretap on

---

[1] Defendant waived her right to a hearing at the initial appearance, while reserving her right to ask for a hearing on a later date.

a phone belonging to Arthur Scott, a primary heroin source in the conspiracy. Furman testified that law enforcement heard Defendant's voice on some of the intercepted calls, including calls where Defendant was seeking heroin for personal use, and calls where Defendant was a heroin source. Furman also testified that heroin was purchased from Defendant on two occasions, using a cooperating individual. On another occasion, Defendant sold crack cocaine to a different cooperating individual.

According to the pretrial services report, Defendant is 50 years old. She was born in Chicago, Illinois. Except for a seven-year period from 1976 to 1983, when she lived in Georgia, Defendant lived in Chicago, until she moved to Waterloo, Iowa in August 2009. Defendant is married and has one minor child (age 10) from that marriage. She also has five adult children from two prior relationships.

Defendant is currently unemployed. She has not worked since March 2010. Defendant told the pretrial services officer that she has not worked since 2010 because she "decided she would sit on her butt and collect unemployment for a while." Prior to being unemployed, Defendant worked at Tyson Fresh Meats in Waterloo for approximately 7 months. Defendant is in good physical health and reports no present or past mental or emotional health concerns.

Defendant reported using crack cocaine at least two times per week, with her last use being on the night before her arrest on the instant charges. She told the pretrial services that she would use crack cocaine every day, if she could afford it. Defendant also reported using heroin "off-and-on" for the past 20 years. She stated that she used heroin on a daily basis from 2009 until October 2011. Her last use was approximately three days before her arrest on the instant charges. Defendant underwent inpatient and outpatient substance abuse treatment from 2001 through 2003 in Chicago. Prior to her arrest on the instant charges, Defendant stated that she had been undergoing methadone treatment in Cedar Falls, Iowa.

In January 1987, Defendant was charged and later convicted of forgery. She was given 24 months probation. In April 1988, while on probation, Defendant was charged with deceptive practices. This charge was stricken from the docket with leave to reinstate. In December 1989, while still on probation in the forgery charge, Defendant was charged with theft. The disposition of that charge is unknown. In January 1990, Defendant's probation was terminated unsatisfactorily.

In March 1991, Defendant was charged and later convicted of possession of a controlled substance. She was given 13 months probation. In January 1992, while the possession of a controlled substance charge was pending, Defendant was charged with criminal trespass to land. The disposition of that charge is unknown. In May 1993, while on probation in the possession of a controlled substance charge, Defendant was charged and later convicted of possession with intent to deliver a controlled substance on or near school grounds. In August 1993, Defendant was sentenced to 4 years in prison, and her probation in the possession of a controlled substance charge was revoked. She was paroled in October 1994. In January 1995, while on parole on the two drug charges, Defendant was charged and later convicted of possession of a controlled substance. In March 1995, while still on parole and while the new drug charge was pending, Defendant was charged with criminal trespass to state land. This charge was stricken from the docket with leave to reinstate.

In September 2000, while the 1995 possession of a controlled substance charge remained pending, Defendant was charged and later convicted of possession of a controlled substance in Kalamazoo County, Michigan. She was given 3 years probation. Defendant absconded from probation shortly after she was sentenced, and a bench warrant was issued for her arrest. The bench warrant remains active. In April 2001, while on probation in the Michigan possession of a controlled substance charge, and while the 1995 possession of a controlled substance charge remained pending, Defendant was charged with criminal trespass. The disposition of that charge is unknown.

In May 2001, Defendant was sentenced to 2 years in prison on the 1995 possession of a controlled substance charge. She was paroled in July 2001. In March 2002, while on parole in the 1995 possession of a controlled substance charge, and while on probation in the Michigan possession of a controlled substance charge, Defendant was charged and later convicted of possession of heroin. Her parole was revoked and in June 2002 she was sentenced to 1 year in prison. She was paroled in August 2002 and discharged in August 2003. Defendant has no arrests or convictions in approximately the last 10 years.

## II. DISCUSSION

The release or detention of a defendant pending trial is governed by the Bail Reform Act of 1984, 18 U.S.C. § 3142. In *United States v. Salerno*, 481 U.S. 739 (1987), the United States Supreme Court upheld the constitutionality of the Bail Reform Act of 1984, while noting that "[i]n our society liberty is the norm, and detention prior to trial or without trial is the carefully limited exception." *Id.* at 755.

### A. Legal Standard to be Applied

If the government moves to have a defendant detained prior to trial, the court must undertake a two-step inquiry. *United States v. Friedman*, 837 F.2d 48, 49 (2d Cir. 1988). The Court must first determine by a preponderance of the evidence that the case involves an offense listed in 18 U.S.C. § 3142(f)(1), or that the defendant presents certain risk factors, as identified in § 3142(f)(2). *Id.* Once this determination has been made, the court then determines, pursuant to § 3142(e), whether any condition or combination of conditions will reasonably assure the defendant's appearance at trial and the safety of the community. *Id.*

Regarding the first step, pretrial detention is not authorized unless the Court finds that at least one of seven enumerated circumstances is applicable. 18 U.S.C. § 3142(f). The first five enumerated circumstances refer to "offense types," such as crimes of violence, offenses punishable by life imprisonment, serious drug offenses, felonies committed by repeat offenders, and felonies involving minor victims or guns. 18 U.S.C.

§ 3142(f)(1)(A-E). The last two enumerated circumstances where a hearing is authorized involve "risk factors," such as a serious risk of flight, or a serious risk the defendant will obstruct justice. 18 U.S.C. § 3142(f)(2)(A-B).

Regarding the second step, if following a hearing "the judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community," then the judicial officer must order the defendant detained pending the trial. 18 U.S.C. § 3142(e). A finding that no condition or combination of conditions will reasonably assure the safety of the community must be supported by clear and convincing evidence. 18 U.S.C. § 3142(f). A finding that no condition or combination of conditions will reasonably assure the defendant's appearance, however, must only be established by a preponderance of the evidence. *United States v. Orta*, 760 F.2d 887, 891 (8th Cir. 1985).

In determining whether any condition or combination of conditions will reasonably assure the defendant's appearance as required and the safety of the community, the Court must take into account the available information concerning (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) the history and characteristics of the defendant, including (a) the defendant's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings, and (b) whether, at the time of the current offense or arrest, the defendant was on probation, parole, or other pretrial release; and (4) the nature and seriousness of the danger to the community that would be posed by the defendant's release. 18 U.S.C. § 3142(g). *See also United States v. Abad*, 350 F.3d 793, 797 (8th Cir. 2003).

The Government has the burden of proof in this regard. It is aided in certain cases, however, by a rebuttable presumption found at 18 U.S.C. § 3142(e). For example, if the Court finds there is probable cause to believe that the person committed a drug offense for

which a maximum term of imprisonment of ten years or more is applicable, or possessed a firearm in furtherance of a drug trafficking crime, or committed certain specified offenses involving a minor victim, then there is a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community. 18 U.S.C. § 3142(e)(A)(B) and (E). In a "presumption case," the defendant bears a limited burden of production – not a burden of persuasion – to rebut the presumption by coming forward with evidence he does not pose a danger to the community or a risk of flight. *Abad*, 350 F.3d at 797 (citing *United States v. Mercedes*, 254 F.3d 433, 436 (2d Cir. 2001)). Once the defendant has met his burden of production relating to these two factors, the presumption favoring detention does not disappear entirely, but remains a factor to be considered among those weighed by the court. *Id. See also United States v. Jessup*, 757 F.2d 378, 382-84 (1st Cir. 1985).

### B. Analysis

Turning to the facts in the instant action, Defendant is charged with one count of conspiracy to distribute heroin and two counts of distribution of heroin. Accordingly, regarding the first step in the analysis, the Court finds that detention is authorized pursuant to § 3142(f)(1)(C).

Regarding the second step, there is probable cause to believe Defendant has committed a serious drug offense. Accordingly, pursuant to § 3142(e)(3)(A), there is a rebuttable presumption in favor of detention. Based on the limited record made at the hearing, it is difficult for the Court to make a determination on the weight of the evidence. Nevertheless, there is evidence that Defendant's voice was heard by law enforcement on intercepted calls to Arthur Scott. The intercepted calls involved discussion of both Defendant's use and distribution of heroin. There is also evidence that Defendant was involved in the distribution of drugs through multiple controlled drug transactions for heroin and crack cocaine.

The distribution of drugs constitutes a generalized danger to the community. The Court is particularly concerned with the distribution of heroin, as it is not uncommon for individuals to die as a result of a heroin overdose. Defendant has a history of multiple drug charges and convictions. Defendant also has a history of committing offenses while on pretrial release, probation, and parole. If convicted, Defendant faces a mandatory minimum of 10 years in prison. Defendant has been a daily drug user for the past several years. The Court finds that there are no terms and conditions that would reasonably ensure the safety of the community or Defendant's presence at court proceedings. Therefore, based on the serious nature and circumstances of the offense, and the rebuttable presumption, the Court finds that Defendant should be detained pending trial.

Based on the legal standards set forth above, and considering the evidentiary factors found in 18 U.S.C. § 3142(g), the Court finds the Government has met its burden of proving by a preponderance of the evidence that no condition or combination of conditions will reasonably assure the appearance of Defendant as required. The Court further finds by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of the community if Defendant is released. Therefore, pursuant to 18 U.S.C. § 3142(e), the Court concludes that Defendant should be detained prior to trial. Defendant was advised in open court of his right to file a motion with the District Court for revocation or amendment of this Order.

### III. ORDER

IT IS THEREFORE ORDERED as follows:

1. The Defendant is committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.

2. The Defendant shall be afforded reasonable opportunity for private consultation with counsel.

3. On order of a Court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which the Defendant is confined shall deliver the Defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

4. The time from the Defendant's oral request for a detention hearing (January 19, 2012) to the filing of this Ruling (January 23, 2012) shall be excluded in computing the time within which the trial must commence pursuant to the Speedy Trial Act. 18 U.S.C. § 3161(h)(1)(D).

DATED this 23rd day of January, 2012.

JON STUART SCOLES
UNITED STATES MAGISTRATE JUDGE
NORTHERN DISTRICT OF IOWA